UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**INDICTMENT FOR CONSPIRACY TO LAUNDER MONETARY INSTRUMENTS,
LAUNDERING OF MONETARY INSTRUMENTS,
<u>FAILURE TO FILE CURRENCY TRANSACTION REPORTS, AND FORFEITURE</u>**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| versus | : | CRIMINAL NO. 12- 84-BAJ-DLD |
| KATELYN & CLAIRE INC., d/b/a Quality Express, | : | 18 U.S.C. § 1956(h) |
| ALEX T, INC., d/b/a Quality Express, | : | 18 U.S.C. § 1956(a)(3)(B) |
| THANG MINH TRAN, a/k/a Tommy, | : | 31 U.S.C. § 5313(a) |
| HENRY CHINH TRAN, | : | 18 U.S.C. § 2 |
| TRANG DANG TRAN, a/k/a Sabrina, and | : | |
| SON NGUYEN, a/k/a Tattoo | : | |

<u>**THE GRAND JURY CHARGES:**</u>

<u>**GENERAL ALLEGATIONS**</u>

At all times relevant to this Indictment:

1. Defendants, **KATELYN & CLAIRE INC.** and **ALEX T, INC.**, were Louisiana corporations doing business as Quality Express.

2. Defendants, **THANG MINH TRAN**, also known as Tommy (hereinafter **TOMMY TRAN**), **HENRY CHINH TRAN**, and **TRANG DANG TRAN**, also known as Sabrina (hereinafter **SABRINA TRAN**), controlled corporate defendants **KATELYN & CLAIRE INC.** and **ALEX T, INC.** and operated Quality Express. **SON NGUYEN**, also known as Tattoo (hereinafter **TATTOO NGUYEN**), worked at Quality Express.

BAJ
PJH
DLD
JSL
Kleinpeter

USM
USA & USPO (certified)

3.     An associate of **TOMMY TRAN**, H.N., assisted in the facilitation of money transfers between Baton Rouge, Louisiana, and Houston, Texas.

**Quality Express**

4.     Quality Express was a business located in Baton Rouge, Louisiana, which provided three types of financial services for its customers: check cashing, currency exchanges, and money transfers. Quality Express was licensed to engage in such services.

5.     The services engaged in by Quality Express are described as follows:

   a.     Check cashing - For a fee, Quality Express would receive checks from customers and, in return, provide the customers with the equivalent amount of cash.

   b.     Currency exchanges - For a fee, Quality Express would receive currency from customers and, in return, provide the customers with the equivalent amount in other monetary instruments such as checks or cash in different denominations.

   c.     Money transfers - For a fee, Quality Express would receive money from customers and, in return, transfer the money or its equivalent to other persons or to financial accounts, as directed by the customers. The transfers were accomplished via wire services or via informal networks of individuals engaged in the transfer of funds.

**Reporting Requirements**

6.     As a business engaged in the transmission of funds and the exchanging of currency, Quality Express was required under federal law to file Currency Transaction Reports (CTRs) with the Department of Treasury regarding any cash transactions involving the payment, receipt, or transfer of over $10,000 in United States currency. Federal law required Quality

Express to verify and record the name and address of the person presenting the transaction and the identity, account number, and social security or taxpayer identification number, if any, of the person or entity on whose behalf the transaction was to be effected.

7.     As a money transmitter, Quality Express was also required to file Suspicious Activity Reports (SARs) with the Department of Treasury where it knew, suspected, or had reason to suspect that a transaction, or pattern of transactions, of at least $2,000 involved funds derived from illegal activity or was conducted to hide or disguise such funds.

**The Undercover Investigation**

8.     The United States Drug Enforcement Administration (DEA) and the United States Internal Revenue Service, Criminal Investigations (IRS-CI) were federal law enforcement agencies authorized to investigate money laundering.

9.     Beginning in or about March, 2010, and continuing through April, 2011, the DEA and IRS-CI initiated an undercover investigation of Quality Express for money laundering. As part of the investigation, a cooperating source (hereinafter CS), working under the supervision and at the direction of DEA and IRS-CI agents, and a Special Agent of IRS-CI, using the name A.J., posed as a drug dealer seeking to launder drug proceeds.

## COUNT ONE

(Conspiracy to Launder Monetary Instruments)

10.    Beginning on an exact date unknown, but at least on or before March 25, 2010, and continuing to an exact date unknown, but at least until April 11, 2011, in the Middle District of Louisiana and elsewhere,

KATELYN & CLAIRE INC.,
ALEX T, INC.,
TOMMY TRAN,
HENRY CHINH TRAN,
SABRINA TRAN, and
TATTOO NGUYEN,

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other, and with persons known and unknown to the Grand Jury, to knowingly conduct financial transactions affecting interstate commerce involving the proceeds of specified unlawful activity, that is, the distribution of controlled substances, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity and knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## MANNER AND MEANS OF THE CONSPIRACY

11.    Among the means and methods by which the defendants conducted and participated in the conspiracy were the following:

   a.    At the request of CS and A.J., the defendants would exchange large quantities of small denominations of United States currency for large denominations of United States currency. CS and A.J. represented the monies to be proceeds of illegal drug trafficking. CS and A.J. purported to be exchanging the smaller bills for larger bills so that the drug proceeds could be more easily concealed. The defendants, **TOMMY TRAN, HENRY CHINH TRAN,**

**SABRINA TRAN,** and **TATTOO NGUYEN** would receive the currency and exchange it at Quality Express.

  b. As commission for the currency exchanges, the defendants would subtract and keep approximately one percent of the currency exchanged by CS and A.J.

  c. The defendants also moved large quantities of United States currency at the request of A.J. between Quality Express in Baton Rouge, and a location in Houston, Texas. A.J. represented the monies to be proceeds of illegal drug trafficking. Following the receipt of the funds from A.J., **TOMMY TRAN** would make arrangements for the equivalent amount of monies to be delivered by his associate, H.N., in Houston, Texas, to an individual designated by A.J. in a manner designed to avoid detection by law enforcement. At the request of A.J., **TOMMY TRAN** and his associates would also arrange for funds to be transferred from Houston, Texas, to Quality Express.

  d. In return for transferring the monies, **TOMMY TRAN** would charge a commission of approximately three percent of the amount of currency sought to be transferred.

  e. As a means for concealing the exchanges and transfers, the defendants used multiple bank accounts in the names of themselves and nominees. The defendants also maintained multiple business entities to conceal proceeds and facilitate their money laundering activity.

  f. As a further means by which to conceal the currency exchanges and transfers of monies received by A.J., the defendants failed to file SARs or CTRs that would have reflected the receipt from CS and A.J. of approximately $275,000 in United States currency, in

amounts ranging from $12,000 to $90,000, represented by A.J. to be the proceeds of specified unlawful activity.

## ACTS IN FURTHERANCE OF THE CONSPIRACY

12. In furtherance of the conspiracy, the defendants conducted and participated in the below described financial transactions at Quality Express involving cash represented to be drug proceeds:

    a. On or about March 25, 2010, **TATTOO NGUYEN** and **HENRY CHINH TRAN** received $12,000 in United States currency from CS to exchange smaller bills into larger denominations.

    b. On or about June 11, 2010, **HENRY CHINH TRAN** received $13,000 in United States currency from A.J. to exchange smaller bills into larger denominations.

    c. On or about July 13, 2010, **TOMMY TRAN** received $40,000 in United States currency from A.J. to exchange smaller bills into larger denominations.

    d. On or about October 19, 2010, **TOMMY TRAN** received $70,000 in United States currency from A.J. to exchange smaller bills into larger denominations.

    e. On or about December 1, 2010, **TOMMY TRAN** and **HENRY CHINH TRAN** received $50,000 in United States currency to be transferred to A.J.'s designee in Houston, Texas. Shortly thereafter, in Houston, H.N., working at the direction of **TOMMY TRAN**, delivered the funds to A.J.'s designee.

    f. On or about April 11, 2011, **SABRINA TRAN**, working at the direction of **TOMMY TRAN**, delivered $90,000 in United States currency to A.J. and charged

commission of approximately $2,500. Shortly before, H.N., also working at the direction of **TOMMY TRAN**, received currency in Houston, Texas, from A.J.'s associate to be transferred to A.J. in Baton Rouge, Louisiana.

The above is a violation of Title 18, United States Code, Section 1956(h).

## COUNTS TWO THROUGH SEVEN

(Laundering of Monetary Instruments)

13. On or about the dates set forth below, in the Middle District of Louisiana, the defendants named below, did knowingly conduct and attempt to conduct financial transactions affecting interstate commerce involving property represented by CS, an individual acting at the direction, and with the approval of federal law enforcement, and A.J., a law enforcement officer, to be the proceeds of specified unlawful activity, to-wit, the distribution of a controlled substance, with the intent to conceal and disguise the nature, location, source, ownership and control of proceeds of specified unlawful activity.

| Count | Date | Defendant(s) | Amount of Funds |
|---|---|---|---|
| 2 | March 25, 2010 | **TATTOO NGUYEN**<br>**HENRY CHINH TRAN** | $12,000 |
| 3 | June 11, 2010 | **HENRY CHINH TRAN** | $13,000 |
| 4 | July 13, 2010 | **TOMMY TRAN** | $40,000 |
| 5 | October 19, 2010 | **TOMMY TRAN** | $70,000 |
| 6 | December 1, 2010 | **TOMMY TRAN**, and **HENRY CHINH TRAN** | $50,000 |
| 7 | April 11, 2011 | **TOMMY TRAN**, and **SABRINA TRAN** | $90,000 |

Each of the above is a violation of Title 18, United States Code, Sections 1956(a)(3)(B) and 2.

## COUNTS EIGHT THROUGH THIRTEEN

(Failure to File Currency Transaction Reports)

14. On or about the dates set forth below, in the Middle District of Louisiana, the defendant named below, financial institutions as defined in Title 31, United States Code, Section 5312(a)(2), and Title 31, Code of Federal Regulations, Sections 103.11(n)(3) and (uu), aided and abetted by TOMMY TRAN, HENRY CHINH TRAN, SABRINA TRAN, and TATTOO NGUYEN, did knowingly fail to file a Currency Transaction Report, as required by Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, specifically, Title 31, Code of Federal Regulations, Sections 103.20(a)(1), 103.22(b)(1) and 103.27(a)(1), and did so as part of a pattern of illegal activity involving more than $100,000 in a 12-month period.

| Count | Date | Defendant(s) | Amount of Funds |
|---|---|---|---|
| 8 | March 25, 2010 | **KATELYN & CLAIRE INC.** | $12,000 |
| 9 | June 11, 2010 | **KATELYN & CLAIRE INC.** | $13,000 |
| 10 | July 13, 2010 | **KATELYN & CLAIRE INC.** and **ALEX T, INC.** | $40,000 |
| 11 | October 19, 2010 | **KATELYN & CLAIRE INC.** and **ALEX T, INC.** | $70,000 |
| 12 | December 1, 2010 | **KATELYN & CLAIRE INC.** and **ALEX T, INC.** | $50,000 |
| 13 | April 11, 2011 | **KATELYN & CLAIRE INC.** and **ALEX T, INC.** | $90,000 |

Each of the above is a violation of Title 31, United States Code, Section 5313(a) and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION

15. Upon conviction of any of the money laundering and reporting violations set forth against **KATELYN & CLAIRE INC., ALEX T, INC., TOMMY TRAN, HENRY CHINH TRAN, SABRINA TRAN, and TATTOO NGUYEN,** both doing business as Quality Express, defendants shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(1) and Title 31, United States Code, Section 5317(c)(1)(A) all property, real or personal, involved in the reporting violations and money laundering offenses, or any property traceable to such property.

16. The property to be forfeited includes, but is not limited to, the following:

    a. TWO HUNDRED SEVENTY-FIVE THOUSAND DOLLARS AND NO/100 ($275,000) in United States currency, and all interest and property traceable thereto, in that such sum, in aggregate, is property which was involved in the aforesaid offenses;

    b. Hancock Bank account number 37534892, in the name of Katelyn & Claire, Inc., and all the contents therein;

    c. Dow Credit Union account number 7000557, in the name of Alex T, Inc., and all contents therein;

    d. the real property located at 1526 North Foster Drive, Baton Rouge, Louisiana;

    e. a sum of money equal to the value of any property involved in the offenses for which the defendants have been convicted;

    f. all property constituting the subject matter of the offenses for which the defendants have been convicted; and,

      g.    all property used to commit or to facilitate the commission of the offenses for which the defendants have been convicted.

If any of the above described forfeitable property, as a result of any act or omission of a defendant: (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to, or deposited with, a third party; (3) has been placed beyond the jurisdiction of the court; (4) has been substantially diminished in value; or (5) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

UNITED STATES OF AMERICA, by

_____
DONALD J. CAZAYOUX, JR.
UNITED STATES ATTORNEY
MIDDLE DISTRICT OF LOUISIANA

_____
JENNIFER M. KLEINPETER
ASSISTANT UNITED STATES ATTORNEY

_____
J. LANE EWING, JR.
ASSISTANT UNITED STATES ATTORNEY

A TRUE BILL

_____
GRAND JURY FOREPERSON

5/17/12
_____
DATE

**Criminal Cover Sheet**      **U.S. District Court**

**Place of Offense:**

City      <u>Baton Rouge</u>

County/Parish    <u>East Baton Rouge</u>

*Investigating Agency:* IRS
Agent: Andre Guillot

**Matter to be sealed:** ☐ No   ☒ Yes

**Related Case Information:** Thahn Nguyen, a/k/a Money et. al.

Superseding Indictment _____   Docket Number _____
Same Defendant _____   New Defendant <u>X</u>
Magistrate Case Number _____
Search Warrant Case No. _____
R 20/ R 40 from District of _____
**Any Other Related Cases:** _____

**Defendant Information:**

Defendant Name: Katelyn & Clare Inc., d/b/a Quality Express

**U.S. Attorney Information:**

AUSA: Jennifer Kleinpeter     Bar #   LBN 18329
AUSA: J. Lane Ewing, Jr.     Bar#   LBN 29854

**Interpreter:** ☒ No   ☐ Yes     List language and/or dialect: _____

**Location Status:**

Arrest Date _____
_____ Already in Federal Custody as of _____
_____ Already in State Custody
_____ On Pretrial Release

**U.S.C. Citations**

Total # of Counts: __7__     ☐ Petty    ☐ Misdemeanor    ☒ Felony

| | **Index Key/Code** | **Description of Offense Charged** | **Count(s)** |
|---|---|---|---|
| set 1 | 18 U.S.C. 1956(h) | Conspiracy to Launder Monetary Instruments | 1 |
| set 2 | 31 U.S.C. 5313(a) | Failure to File Currency Transaction Reports | 8 - 13 |
| set 3 | | | |
| set 4 | | | |

(May be continued on second sheet)

Date: <u>5-17-2012</u>     Signature of AUSA: *J. Lane Ewing, Jr.* (signature)

**District Court Case Number (To be filled in by deputy clerk):** _____

**Criminal Cover Sheet**     **U.S. District Court**

**Place of Offense:**                              **Matter to be sealed:** ☐ No  ☒ Yes

City      __Baton Rouge__            **Related Case Information:** Thahn Nguyen, a/k/a Money et. al.

County/Parish  __East Baton Rouge__      Superseding Indictment _____  Docket Number _____
                                         Same Defendant _____   New Defendant __X__
*Investigating Agency:* IRS              Magistrate Case Number _____
Agent: Andre Guillot                     Search Warrant Case No. _____
                                         R 20/ R 40 from District of _____
                                         **Any Other Related Cases:** _____

**Defendant Information:**

Defendant Name: Alex T. Inc., d/b/a Quality Express


**U.S. Attorney Information:**

AUSA: Jennifer Kleinpeter        Bar #   LBN 18329
AUSA: J. Lane Ewing, Jr.         Bar#    LBN 29854

**Interpreter:** ☒ No  ☐ Yes    **List language and/or dialect:** _____

**Location Status:**

Arrest Date _____
_____  Already in Federal Custody as of  _____
_____  Already in State Custody
_____  On Pretrial Release

**U.S.C. Citations**

Total # of Counts:  __5__        ☐ Petty   ☐ Misdemeanor   ☒ Felony

|        | **Index Key/Code**   | **Description of Offense Charged**                | **Count(s)** |
|--------|----------------------|---------------------------------------------------|--------------|
| set 1  | 18 U.S.C. 1956(h)    | Conspiracy to Launder Monetary Instruments        | 1            |
| set 2  | 31 U.S.C. 5313(a)    | Failure to File Currency Transaction Reports     | 10 - 13      |
| set 3  |                      |                                                   |              |
| set 4  |                      |                                                   |              |

(May be continued on second sheet)

Date: __5-17-2012__        Signature of AUSA: _[signature] J. Lane Ewing, Jr._

**District Court Case Number (To be filled in by deputy clerk):** _____

**Criminal Cover Sheet** — **U.S. District Court**

**Place of Offense:**   **Matter to be sealed:**  ☐ No  ☒ Yes

City __Baton Rouge__   **Related Case Information:** Thahn Nguyen, a/k/a Money

County/Parish __East Baton Rouge__   Superseding Indictment ____   Docket Number ____
Same Defendant ____   New Defendant __X__

*Investigating Agency:* IRS   Magistrate Case Number ____
*Agent:* Andre Guilott   Search Warrant Case No. ____
R 20/ R 40 from District of ____
**Any Other Related Cases:** ____

**Defendant Information:**

Defendant Name: Thang Minh Tran
Alias: Tommy


**U.S. Attorney Information:**

AUSA: Jennifer Kleinpeter   Bar #  LBN 18329
AUSA: J. Lane Ewing, Jr.   Bar#   LBN 29854

**Interpreter:**  ☒ No  ☐ Yes   **List language and/or dialect:** ____

**Location Status:**

Arrest Date ____
____ Already in Federal Custody as of ____
____ Already in State Custody
____ On Pretrial Release

**U.S.C. Citations**

Total # of Counts: __5__   ☐ Petty   ☐ Misdemeanor   ☒ Felony

| | Index Key/Code | Description of Offense Charged | Count(s) |
|---|---|---|---|
| set 1 | 18 U.S.C. 1956(h) | Conspiracy to Launder Monetary Instruments | 1 |
| set 2 | 18 U.S.C. 1956(a)(3)(B) | Laundering of Monetary Instruments | 4 -7 |
| set 3 | | | |
| set 4 | | | |

(May be continued on second sheet)

Date: 5-17-2012   Signature of AUSA: *J. Lane Ewing, Jr.*

**District Court Case Number (To be filled in by deputy clerk):** ____

**CRIMINAL COVER SHEET**          **U.S. District Court**

**Place of Offense:**    **Matter to be sealed:** ☐ No  ☒ Yes

City    Baton Rouge    **Related Case Information:** Thahn Nguyen, a/k/a Money et. al.

County/Parish    East Baton Rouge    Superseding Indictment _____   Docket Number _____
Same Defendant _____   New Defendant __X__

*Investigating Agency:* IRS    Magistrate Case Number _____
*Agent:* Andre Guilott    Search Warrant Case No. _____
R 20/ R 40 from District of _____
**Any Other Related Cases:** _____

**Defendant Information:**

Defendant Name: Henry Chinh Tran

**U.S. Attorney Information:**

AUSA: Jennifer Kleinpeter    Bar # LBN 18329
AUSA: J. Lane Ewing, Jr.    Bar# LBN 29854

**Interpreter:** ☒ No ☐ Yes    List language and/or dialect: _____

**Location Status:**

Arrest Date _____
_____ Already in Federal Custody as of _____
_____ Already in State Custody
_____ On Pretrial Release

**U.S.C. Citations**

Total # of Counts: __4__    ☐ Petty   ☐ Misdemeanor   ☒ Felony

|   | **Index Key/Code** | **Description of Offense Charged** | **Count(s)** |
|---|---|---|---|
| set 1 | 18 U.S.C. 1956(h) | Conspiracy to Launder Monetary Instruments | 1 |
| set 2 | 18 U.S.C. 1956(a)(3)(B) | Laundering of Monetary Instruments | 2, 3, 6 |
| set 3 |  |  |  |
| set 4 |  |  |  |

(May be continued on second sheet)

Date: 5-17-2012    Signature of AUSA: *J Lane Ewing Jr.*

**District Court Case Number (To be filled in by deputy clerk):** _____

**Criminal Cover Sheet**      **U.S. District Court**

**Place of Offense:**      **Matter to be sealed:** ☐ No ☒ Yes

City    Baton Rouge      **Related Case Information:** Thahn Nguyen, a/k/a Money et. al.

County/Parish    East Baton Rouge      Superseding Indictment ____ Docket Number ____
Same Defendant ____ New Defendant __X__

*Investigating Agency:* IRS      Magistrate Case Number ____
*Agent:* Andre Guilott      Search Warrant Case No. ____
R 20/ R 40 from District of ____
**Any Other Related Cases:** ____

**Defendant Information:**

Defendant Name: Trang Dang Tran
Alias: Sabrina

**U.S. Attorney Information:**

AUSA: Jennifer Kleinpeter      Bar # LBN 18329
AUSA: J. Lane Ewing, Jr.      Bar# LBN 29854

**Interpreter:** ☒ No ☐ Yes      List language and/or dialect: ____

**Location Status:**

Arrest Date ____
____ Already in Federal Custody as of ____
____ Already in State Custody
____ On Pretrial Release

**U.S.C. Citations**

Total # of Counts: __2__      ☐ Petty    ☐ Misdemeanor    ☒ Felony

| Index Key/Code | Description of Offense Charged | Count(s) |
|---|---|---|
| set 1 | 18 U.S.C. 1956(h) | Conspiracy to Launder Monetary Instruments | 1 |
| set 2 | 18 U.S.C. 1956(a)(3)(B) | Laundering of Monetary Instruments | 7 |
| set 3 | | | |
| set 4 | | | |

(May be continued on second sheet)

Date: 5-17-2012      Signature of AUSA: *J. Lane Ewing, Jr.*

**District Court Case Number (To be filled in by deputy clerk):** ____

**Criminal Cover Sheet**                                    **U.S. District Court**

**Place of Offense:**                    **Matter to be sealed:**  ☐ No  ☒ Yes

City      ____Baton Rouge____           **Related Case Information:** Thahn Nguyen, a/k/a Money et. al.

County/Parish ____East Baton Rouge____  Superseding Indictment ____  Docket Number ____
                                         Same Defendant ____X____  New Defendant ____
*Investigating Agency:* IRS              Magistrate Case Number _____
*Agent:* Andre Guilott                   Search Warrant Case No. _____
                                         R 20/ R 40 from District of _____
                                         **Any Other Related Cases:** _____

**Defendant Information:**

Defendant Name: Son Nguyen
Alias: Tattoo


**U.S. Attorney Information:**

AUSA: Jennifer Kleinpeter       Bar #   LBN 18329
AUSA: J. Lane Ewing, Jr.        Bar#    LBN 29854

**Interpreter:**  ☒ No  ☐ Yes    **List language and/or dialect:** _____

**Location Status:**

Arrest Date _____
_____  Already in Federal Custody as of  _____
_____  Already in State Custody
_____  On Pretrial Release

**U.S.C. Citations**

Total # of Counts: ____2____    ☐ Petty   ☐ Misdemeanor   ☒ Felony

| | **Index Key/Code** | **Description of Offense Charged** | **Count(s)** |
|---|---|---|---|
| set 1 | 18 U.S.C. 1956(h) | Conspiracy to Launder Monetary Instruments | 1 |
| set 2 | 18 U.S.C. 1956(a)(3)(B) | Laundering of Monetary Instruments | 2 |
| set 3 | | | |
| set 4 | | | |

(May be continued on second sheet)

Date: __5-17-2012__    Signature of AUSA: _[signature]_

**District Court Case Number** (To be filled in by deputy clerk): _____