AO 245B     (Rev. 09/11) Judgment in a Criminal Case
               Sheet1

# United States District Court
## Middle District of Louisiana

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>KATELYN & CLAIRE INC.,<br>D/B/A QUALITY EXPRESS | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: 12CR00084-001-BAJ<br>USM Number:<br>Ian F. Hipwell, Esq.<br>Defendant Organization's Attorney |

**THE DEFENDANT ORGANIZATION:**

[✔]    pleaded guilty to count(s): <u>1, 8, 9, 10, 11, 12 , and 13 of the Indictment</u> .
[ ]    pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ]    was found guilty on count(s) ___ after a plea of not guilty.
      The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| See next page. | | | |

      The defendant organization is sentenced as provided in pages 2 through <u>6</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]    The defendant has been found not guilty on counts(s) ___.

[]    Count(s) ___ is/are dismissed on the motion of the United States.

IT IS ORDERED that the defendant organization must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material changes in economic circumstances.

Defendant Organization's
Federal Employer I.D. No.: 87-0772555

Defendant Organization's Principal Business and Mailing Address:

1526 North Foster Drive
Baton Rouge, Louisiana 70806

6/24/2013
Date of Imposition of Judgment

*/s/ Brian A. Jackson*
Signature of Judge

BRIAN A. JACKSON, CHIEF JUDGE,
Middle District of Louisiana
Name and Title of Judge

7/1/2013
Date

AO 245B       (Rev. 09/11) Judgment in a Criminal Case
              Sheet 1A

CASE NUMBER:       12CR00084-001-BAJ                                              Judgment - Page 2 of 6
DEFENDANT:         KATELYN & CLAIRE INC.,
                   D/B/A QUALITY EXPRESS

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1956(h) | Conspiracy to Launder Monetary Instruments | 4/11/2011 | 1 |
| 31 U.S.C. § 5313(a) | Failure to File Currency Transaction Reports | 3/25/2010 | 8 |
| 31 U.S.C. § 5313(a) | Failure to File Currency Transaction Reports | 6/11/2010 | 9 |
| 31 U.S.C. § 5313(a) | Failure to File Currency Transaction Reports | 7/13/2010 | 10 |
| 31 U.S.C. § 5313(a) | Failure to File Currency Transaction Reports | 10/19/2010 | 11 |
| 31 U.S.C. § 5313(a) | Failure to File Currency Transaction Reports | 12/1/2010 | 12 |
| 31 U.S.C. § 5313(a) | Failure to File Currency Transaction Reports | 4/11/2011 | 13 |

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 4 - Probation

CASE NUMBER: 12CR00084-001-BAJ  
DEFENDANT: KATELYN & CLAIRE INC., D/B/A QUALITY EXPRESS

Judgment - Page 3 of 6

# PROBATION

The defendant organization is hereby placed on probation for a term of 1 year.

The defendant organization shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

[ ]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[ ]   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check if applicable.)

[ ]   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable.)

[ ]   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
      Sheet 4 - Probation

| | |
|---|---|
| CASE NUMBER: 12CR00084-001-BAJ | Judgment - Page 4 of 6 |
| DEFENDANT: KATELYN & CLAIRE INC., D/B/A QUALITY EXPRESS | |

## SPECIAL CONDITIONS OF PROBATION

The defendant organization shall make periodic submissions to the Court or probation officer, on a quarterly basis, reporting on the organization's financial condition and results of business operations, and accounting for the disposition of all funds received.

The defendant organization shall notify the Court or probation officerimmediately upon learning of any material adverse change in its business or financial condition or prospects, or the commencement of any bankruptcy proceeding, major civil litigation, criminal prosecution, or administrative proceeding against the organization, or any investigation or formal inquiry by governmental authorities regarding the organization.

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
   Sheet 5 - Criminal Monetary Penalties

| | |
|---|---|
| CASE NUMBER: 12CR00084-001-BAJ | Judgment - Page 5 of 6 |
| DEFENDANT: KATELYN & CLAIRE INC., D/B/A QUALITY EXPRESS | |

# CRIMINAL MONETARY PENALTIES

The defendant organization must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 2800.00 | $ | $ |

[ ]   The determination of restitution is deferred until _.  An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such determination.

[ ]   The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C.§3664(i), all non-federal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS: | $ | $ | |

[ ]   Restitution amount ordered pursuant to plea agreement .......... **$____**

[ ]   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ]   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   [ ]   The interest requirement is waived for the          [ ]   fine          [ ]   restitution.

   [ ]   The interest requirement for the [ ]  fine  [   ]  restitution  is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
    Sheet 6 - Schedule of Payments

| | |
|---|---|
| CASE NUMBER:     12CR00084-001-BAJ | Judgment - Page 6 of 6 |
| DEFENDANT:     KATELYN & CLAIRE INC., D/B/A QUALITY EXPRESS | |

# SCHEDULE OF PAYMENTS

Having accessed the defendant organization's ability to pay, payment of the total criminal monetary penalties is due as follows:

A    [✔]    Lump sum of $ 2800.00  due immediately.

         [] not later than _, or
         [] in accordance      [] C, [] D, [] E, or [] F below; or

B    [ ]    Payment to begin immediately (may be combined with [] C, [] D, or [] F below); or

C    [ ]    Payment in equal _ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years) to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D    [ ]    Payment in equal _ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years) to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E    []    Payment during the term of supervised release will commence within _(e.g., 30 or 60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    [ ]    Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

     [ ]    Joint and Several

         Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.


     [ ]    The defendant shall pay the cost of prosecution.

     []    The defendant shall pay the following court costs:


[✔]  The defendant organization shall forfeit the defendant organization's interest in the following property to the United States:
     Pursuant to 18 U.S.C. § 982(a)(1) and 31 U.S.C. § 5317(c)(1)(A), the defendant shall forfeit to the United States any property, real or personal, involved in the violations of 18 U.S.C. § 1956(h), money laundering, and 31 U.S.C. § 5313(a), reporting violations, or any property traceable to such property, including, but not limited to at least $855,886.54, said amount being property involved in the offenses to which the defendant was convicted. The United States is further granted a forfeiture money judgment against the defendant, in the amount of $136,575.83 representing additional property involved in the offenses to which the defendant was convicted.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.